**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF TEXAS

Case number *(if known)* _____    Chapter __11__

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **TGIF Midco, Inc.** | |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **46-5627296** | |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **19111 North Dallas Parkway**<br>**Suite 200**<br>**Dallas, TX 75287**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Dallas**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

**5. Debtor's website** (URL)   **https://tgifridays.com**

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **TGIF Midco, Inc.** | | Case number (*if known*) |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

7225

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☑ No.

☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☑ Yes.

| | List all cases. If more than 1, attach a separate list | Debtor | **SEE ATTACHED RIDER** | Relationship | |
|---|---|---|---|---|---|

| Debtor | **TGIF Midco, Inc.** | Case number (*if known*) |
|---|---|---|
| | Name | |

| | District | | When | | Case number, if known | |
|---|---|---|---|---|---|---|

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____
         Contact name _____
         Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors \***

| | | |
|---|---|---|
| ☐ 1-49 | ☑ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets \***

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☑ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities \***

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☑ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**\* The Debtors' estimated number of creditors, assets, and liabilities noted here are provided on a consolidated basis.**

| Debtor | **TGIF Midco, Inc.** | Case number (*if known*) | |
| --- | --- | --- | --- |
| | Name | | |

<table>
<tr><td style="background:black"> </td><td><strong>Request for Relief, Declaration, and Signatures</strong></td></tr>
</table>

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
| --- | --- |
| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
| | I have been authorized to file this petition on behalf of the debtor. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |

Executed on    11/02/2024
                        MM / DD / YYYY

X  _Kyle Richter_                                           **Kyle Richter**
Signature of authorized representative of debtor      Printed name

Title    **Chief Restructuring Officer**

**18. Signature of attorney**

X  /s/ Holland N. O'Neil                    Date  11/02/2024
Signature of attorney for debtor                MM / DD / YYYY

**Holland N. O'Neil**
Printed name

**FOLEY & LARDNER LLP**
Firm name

**2021 McKinney Avenue, Suite 1600**
**Dallas, TX 75201**
Number, Street, City, State & ZIP Code

Contact phone    **214-999-3000**        Email address    **honeil@foley.com**

**TX 14864700**
Bar number and State

## Rider 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities below (collectively, the "Debtors") filed a Petition in the United States Bankruptcy Court for the Northern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of TGI Friday's Inc.

- TGI Friday's NY, LLC
- TGIF Holdings, LLC
- TGIF Midco, Inc.
- TGIF Parent, Inc.
- TGI Friday's Inc.
- Burlington Towne Crossing, Inc.
- T G I Friday's of Greenbelt, Inc.
- T G I Friday's of Towson, Inc.
- T G I Friday's of Wisconsin, Inc.
- T.G.I. Friday's Marketing Advisory Council
- T.G.I. Friday's of Charles County, Inc.
- T.G.I. Friday's of Frederick County, Inc.
- T.G.I. Friday's of Harford County, Inc.
- T.G.I. Friday's of Washington County, Inc.
- TGI Friday's of Annapolis, Inc.
- TGI Friday's of Howard County, Inc.
- TGI Friday's of Rockville, Inc.
- TGI Friday's of Texas LLC
- TGI Friday's of the Rockies, Inc.
- TGIF/DFW Manager, LLC
- TGIF/DFW Partner, LLC
- TGIF/JDC Restaurant Development, LLC
- WEBCO Products Incorporated

**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TGIF Midco, Inc., | Case No. 24-[_____] ([____]) |
| Debtor. | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| TGIF Holdings, LLC | 100% |

**THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TGIF Midco, Inc., | Case No. 24-[_____] ([____]) |
| Debtor. | (Joint Administration Requested) |

## LIST OF EQUITY HOLDERS

The following is a list of debtor TGIF Midco, Inc.'s significant equity holders. This list has been prepared in accordance with Federal Rule of Bankruptcy Procedure 1007(a)(3) for filing in this chapter 11 case.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| TGIF Holdings, LLC | 19111 North Dallas Parkway Suite 200 Dallas, TX 75287 | 100% |

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **TGI Friday's Inc.** |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF TEXAS** |
| Case number (if known): | _____ |

☐ Check if this is an

amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Digitas Inc 40 Water Street Boston, MA 02109 | Linda Piggot 617-867-1000 lindapiggot@digitas.com | Marketing Digital | | | | $3,400,266.40 |
| 2 | Active Media Services Inc One Blue Hill Plaza PO Box 1705 Pearl River, NY 10965-8705 | Jeffrey Pappas 845-732-8547 achievemore@activeinternational.com | Marketing Media | | | | $1,972,404.76 |
| 3 | MiQ Digital USA Inc 5th Floor High Holborn House 52-54 High Holborn, UK | | Marketing Digital | | | | $1,254,640.72 |
| 4 | DoorDash Inc 303 Second Street Suite 800 San Francisco, CA 94107 | 855-431-0459 ir@doordash.com | Marketing Digital | | | | $854,500.14 |
| 5 | Towson Tc LLC c/o General Growth Properties 350 N. Orleans Street Suite 300 Chicago, IL 60654-1607 | Jeff Sneddon 410-992-6003 Jeffrey.Sneddon@bpretail.com | Rent | | | | $596,828.45 |
| 6 | Brookwood Interchange Office I LLC 5001 LBJ Freeway Suite 120 Dallas, TX 75244 | 972-893-3474; sboze@bookwoodfinancial.com | Rent | | | | $540,633.19 |
| 7 | Katz Media Group Inc 125 W 55th Street New York, NY   10019 | Kimberly Browne 212-424-6516 Kim.browne@katz-media.com | Marketing Digital | | | | $530,766.77 |
| 8 | WG Park LP Willow Grove Park Mall c/o PREIT Services LLC One Commerce Square 2005 Market Street Suite 1000 Philadelphia, PA 19103 | Paula Charles 215-875-0712 Paula.Charles@preit.com | Rent | | | | $517,132.59 |
| 9 | Zaliv LLC 5 Continental Ave Forest Hills, NY 11375 | 347-538-7424 commercialace@gmail.com | Rent | | | | $410,017.25 |
| 10 | SOUTHVIEW PEAK LLC 3736 Fallon Road #501 Dublin, CA 94569 | Liming Liu | Rent | | | | $408,057.48 |
| 11 | Metropolitan Plaza WP LLC 7-11 So. Broadway #206 White Plains, NY 10601 | | Rent | | | | $384,867.38 |

| Debtor | TGI Friday's Inc. | | | Case number *(if known)* | | |
| --- | --- | --- | --- | --- | --- | --- |
| | Name | | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 | Creating Culinary Community LLC 10955 Granada Lane Overland Park, KS 66211 | | Krispy Rice | | | | $376,972.60 |
| 13 | Urban Edge Properties 210 Route 4 East Paramas, NJ 07652 | Robert C. Milton III 201-571-3500 | Rent | | | | $376,738.89 |
| 14 | MP Promenade LLC c/o V3 Capital Group, LLC 200 Evans Road Melbourne, FL   32904 | Katherine A Roche | Rent | | | | $368,244.24 |
| 15 | SALESFORCE.COM INC 415 Mission Street 3rd Floor San Francisco, CA 94105 | Sabastian Niles 800-664-9073 | Vendor | | | | $348,865.40 |
| 16 | Rancho Mall LLC c/o Brookfield Properties 350 N Orleans St. Suite 300 Chicago, IL 60654 | Shannon.Preciado@bpretail.com | Rent | | | | $310,203.33 |
| 17 | Telgian Corporation 2615 Industrial Park Avenue Tempe, AZ 85282 | Dave Gomez 480-753-5444 | Corrigo | | | | $307,062.17 |
| 18 | CR Mount Pleasant LLC c/o Continental Realty Corporation 1427 Clarkview Road Suite 500 Baltimore, MD   21209 | Stephani Shack 410-296-4800 info@crcrealty.com | Rent | | | | $301,964.46 |
| 19 | W/S Amherst Properties LLC 33 Boylston Street Suite 3000 Chestnut Hill, MA 02467 | 603-882-3610 | Rent | | | | $285,139.99 |
| 20 | USA Today 7950 Jones Branch Drive, McLean, VA 22108 | Caren Bohan 703-854-3400 cbohan@usatoday.com | Marketing Media | | | | $275,000.00 |
| 21 | Tru Touching Humans LLC dba TRUth 5800 Democracy Dr Plano TX 75024 | Yousef Kattan 972-848-8686 ykattan@truad.com | Marketing Media | | | | $273,561.18 |
| 22 | REACTS LLC 200 S State Road #B Marysville, PA 17053 | 717-773-5865 | Corrigo | | | | $266,610.19 |
| 23 | Addison Quorum Partners Ltd 15280 Addison Road Suite 301 Addison, TX 75002 | | Rent | | | | $264,554.51 |
| 24 | Route 140 School Street LLC 33 Boylston Street Suite 3000 Chestnut Hill, MA 02467 | 617-646-3259 Katrina.Meidanis@wsdevelopment.comt.com | Rent | | | | $263,353.86 |
| 25 | Vinsue Corporation 5 Genmare Mews Nyack, NY 10960 | 646-895-9416 robertlonzar_vinsuecorp@aol.com | Rent | | | | $262,812.73 |
| 26 | Woodbury Centre Partners LLC c/o Blueshine Capital LLC 27 Robert Pitt Drive Monsey, NY 10952 | Mel Firer 845-371-4040 845-806-6110 mel@blueshinecapital.com | Rent | | | | $261,888.12 |
| 27 | DLR Properties LLC 560 Fifth Avenue New York NY 10036 | Daniel S. Dornfeld (516) 248-1700 ddornfeld@forchellilaw.com | Rent | | | | $260,431.19 |
| 28 | Tyler Mall Limited Partnership c/o GGP, Inc. 1299 Galleria at Tyler Riverside, CA 92503 | Emily Martin (312) 960-6364 Emily.martin@brookfieldpropertiesretail.com | Rent | | | | $260,282.56 |
| 29 | DFW International Airport Board 2400 Aviation Drive 3rd Floor DFW Airport, TX 75261 | Sean Donohue 972-973-4829 Jbaker2@dfwairport.com | Rent | | | | $260,038.20 |

| Debtor | **TGI Friday's Inc.** | | | Case number *(if known)* | | |
|---|---|---|---|---|---|---|
| | Name | | | | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30 | Spark Branding House Inc 2309 W Platt Street Tampa, FL 33609 | Jessie Hamlin 813-253-0300 jessie@spark.us | Marketing Other | | | | $251,186.25 |
| 31 | MONMOUTH V URBAN RENEWAL LLC c/o Brookfield Properties Retail 500 Fifth Avenue Suite 3100 New York, NY 10110 | | Rent | | | | $250,201.32 |
| 32 | A O Smith Water Products Corp 11270 West Park Place Suite 170 P.O Box 245008 Milwaukee, WI 53224 | | Corrigo | | | | $242,368.44 |
| 33 | South Shore Mall Realty LLC South Shore Mall Realty LLC c/o Namdar Realty Group 150 Great Neck Road Suite 304 Great Neck, NY 11021 | Igar Namdar 516-773-0010 igar@namdarllc.com legal@namdarllc.com abstract@namdarllc.com renewals@namdarllc.com | Rent | | | | $242,154.88 |
| 34 | Simon Property Group (TX) LP National  City Center 225 West Washington Street Indianapolis, IN 46204 | 317-636-1600 | Rent | | | | $241,251.23 |
| 35 | Northern Village Associates LP 16130 Ventura Blvd Suite 250 Encino, CA 91436 | 559-447-6235 559-447-6266 | Rent | | | | $236,149.82 |
| 36 | Allied Austin LLC 118-35 Queens Blvd Forest Hills, NY   11375 | 718-263-3800 bbergman@muss.com | Rent | | | | $234,912.75 |
| 37 | Mall At Solomon Pond LLC 601 Donald Lynch Blvd Marlborough, MA 01752 | 315-425-1000 | Rent | | | | $233,671.52 |
| 38 | Schick Construction Inc 3876 Via Dolce Marina del Rey, CA 90292 | Benjamin Schick 310-266-8367 310-821-6643 Ben@schickconstruction.com | Rent | | | | $230,917.62 |
| 39 | Valley Stream Green Acres LLC c/o The Macerich Company 401 Wilshire Blvd Suite 700 Santa Monica, CA 90401 | Joseph Floccari 516-561-7360 GreenAcresAR@macrich.com | Rent | | | | $222,679.13 |
| 40 | Heidrick and Struggles Inc 233 South Wacker Drive Willis Tower Suite 4900 Chicago, IL 60606-6303 | Anne Rockey 312-496-1200 arockey@heidrick.com | Professional Services | | | | $215,258.73 |
| 41 | Yelp Inc – Advertising 140 New Montgomery St San Francisco, CA 94105 | 877-767-9357 | Vendor | | | | $204,165.44 |
| 42 | Windstream Corporation 4001 Rodney Parham Road Little Rock, AR 72212 | 501 748 7000 | IT | | | | $202,339.41 |
| 43 | EklecCo NewCo LLC c/o Pyramid Management Group, LLC 4 Clinton Square Syracuse, NY 13202 | 518-491-4007 Davidvinehout@pyramidmg.com | Rent | | | | $201,267.30 |
| 44 | ARC CAFEUSA001 LLC c/o Vereit, INc. 2325 E. Camelback Road 9th Floor Phoenix, AZ 85016 | 212-217-6395 relegal@vereit.com | Rent | | | | $201,047.04 |
| 45 | DK Crown Holdings Inc dba DraftKings Inc 222 Berkeley St Boston, MA 02116 | Jason Robins 301-980-2133 jrobins@draftkings.com | Marketing Other | | | | $200,000.00 |

| Debtor | **TGI Friday's Inc.** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 46 | Leviton Law Firm Ltd One Pierce Place Suite 725W Itasca, IL 60143 | Don Leviton 844-843-5290 | Legal | | | | $200,000.00 |
| 47 | BROOKS SHOPPING CENTERS LLC c/o Mars Realty 10 Grand Central 155 East 44th Street New York, NY 10017 | Michael A. Pensabene (212) 867-6000 Craig M. Deitelzweig 212-557-1400 | Rent | | | | $199,875.82 |
| 48 | Brass Mill Commons Realty Holding LLC c/o Brass Mill Center 495 Union Street Suite 139 Waterbury, Ct 06706 | 216-831-0542 jsaponaro@meyersroman.com | Rent | | | | $193,029.94 |
| 49 | Loews West Long Branch Cinemas One AMC Way 11550 Ash Street Suite 200 Leawood, KS 66211 | Luke Hilboldt (913) 213-2641 lhilboldt@amctheatres.com | Rent | | | | $190,583.90 |
| 50 | Stuyvesant Plaza Retail LLC c/o WS Asset Management, Inc. 33 Boylston Street Suite 3000 Chestnut Hill, MA 02467 | 617-232-8900 | Rent | | | | $179,650.88 |

**Fill in this information to identify the case:**

Debtor name   **TGIF Midco, Inc.**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF TEXAS

Case number (if known)  _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration   **List of Equity Holders; Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   _11/02/2024_    X *Kyle Richter*
                                Signature of individual signing on behalf of debtor

                                **Kyle Richter**
                                Printed name

                                **Chief Restructuring Officer**
                                Position or relationship to debtor

*CONFIDENTIAL*

**WRITTEN CONSENT OF THE GOVERNING BODIES OF
TGIF HOLDINGS, LLC AND CERTAIN OF ITS SUBSIDIARIES**

November 1, 2024

WHEREAS, the undersigned, being (i) all of the members of the boards of directors (each, a "<u>Board</u>", and collectively the "<u>Boards</u>"), or (ii) all of the sole members (together with the Boards, each a "<u>Governing Body</u>", and collectively, the "<u>Governing Bodies</u>"), as applicable, of TGIF Holdings, LLC, a Delaware limited liability company and each of the entities listed on **<u>Schedule 1</u>** attached hereto (each, a "<u>Company</u>", and collectively, the "<u>Companies</u>"), hereby take the following actions by written consent and without the necessity of a meeting, which actions shall have the same force and effect as if duly adopted at a meeting duly called and held at which a quorum was present and acting throughout (the "<u>Consent</u>");

WHEREAS, the Governing Bodies have reviewed and considered presentations by the management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to them, and the effect of the foregoing on the Companies' businesses;

WHEREAS, the Governing Bodies have had the opportunity to consult with management and the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to the Companies;

WHEREAS, each Governing Body has determined that it is desirable, advisable, and in the best interests of the Companies to appoint an independent and disinterested director or manager, as applicable, and that Alexander Matina has the experience, independence, and willingness to serve as such a director or manager of the Board of each Company;

WHEREAS, each Governing Body has consented to the consummation of filing chapter 11 petitions and to take the actions and enter into the agreements (including that certain debtor in possession credit agreement dated among the Company as borrower, Texas Partners Bank, a Texas state bank doing business as the Bank of San Antonio, as lender, (the "<u>DIP Lender</u>", and such debtor in possession credit agreement, the "<u>DIP Credit Agreement</u>") and documents required to give effect thereto;

WHEREAS, the Board has reviewed and considered presentations by the management and financial and legal advisors of the Company regarding the DIP Credit Facility and DIP Credit Agreement;

WHEREAS, the obligation of the DIP Lender to make the extensions of credit to the Company is subject to, among other things, the Company entering into the DIP Credit Agreement and satisfying certain conditions in the DIP Credit Agreement;

WHEREAS, pursuant to the DIP Credit Agreement, the Companies are required to appoint a chief restructuring officer (the "<u>CRO</u>") of each Company, as a precondition to entering into the DIP Credit Agreement;

WHEREAS, each Governing Body, as applicable, deems it advisable and in the best interests of each Company to appoint Kyle Richter from Berkeley Research Services, LLC ("BRG") as the CRO of each Company;

WHEREAS, in connection with appointment of Kyle Richter from BRG as the CRO of each Company, each Governing Body, as applicable, desires to approve, and authorize each Company to enter into that certain engagement letter (the "Engagement Letter") in substantially the form presented to the Governing Bodies and attached hereto as **Exhibit A**;

WHEREAS, each Governing Body believes that it is in the best interests of each Company, as applicable, to ratify the appointment of Kyle Richter from BRG as the CRO of each Company;

WHEREAS, the Company will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interest of the Company to enter into the DIP Credit Agreement and the other loan document entered in connection therewith and to perform their obligations thereunder;

WHEREAS, the Company desires to employ certain professionals to assist the Companies in carrying out their duties under the Chapter 11 Cases (as defined below);

WHEREAS, after full consideration of the terms thereof, each of the undersign deem the Chapter 11 Cases and the related agreements and actions to be in the best interest of such Company; and

WHEREAS, the Governing Bodies hereby take the following actions and adopt the following resolutions pursuant to the organizational documents of each of the Companies, and the laws of the state of Delaware, New York, Texas, New Jersey, Maryland, Virginia, Wisconsin, and Georgia as applicable:

NOW, THEREFORE, BE IT,

**Appointment of an Independent Director or Manager**

RESOLVED, that in the judgment of the Boards it was desirable and in the best interests of the Company that independent managers and directors, as applicable, be engaged and appointed to serve on the Boards;

RESOLVED, that, effective as of the date hereof, Alexander Matina, is hereby elected as a director or manager, as applicable, to the Board of each Company.

**Appointment of Chief Restructuring Officer**

RESOLVED, that, effective as of the date hereof, Kyle Richter from BRG, is hereby appointed to serve as CRO of each Company.

**Approval of Engagement Letter for Chief Restructuring Officer**

RESOLVED, the Engagement Letter be, and hereby is, authorized and approved in all respects.

**Voluntary Petition for Relief Under Chapter 11 of the Bankruptcy Code**

RESOLVED, that in the judgment of the Governing Bodies (including, for the avoidance of doubt, the Board of TGIF Topco in its capacity as the ultimate governing body of the TGIF Topco and each of its subsidiaries), it is desirable and in the best interests of the Companies (including a consideration of each Company's creditors and other parties in interest) that each Company shall be, and hereby is, authorized and directed to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Texas (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable laws in the United States.

RESOLVED, that the members of the Governing Bodies or any other duly appointed officer of the Companies authorized by the Governing Bodies to act on behalf of the applicable Company (collectively, the "Authorized Signatories" and any one of them, and "Authorized Signatory"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to (i) execute and file on behalf of the Companies all petitions, affidavits, declarations, first day motions, schedules, statements of financial affairs, lists and other motions, applications, pleadings, papers, or documents; (ii) take and perform any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Companies' business; (iii) appear as necessary at all bankruptcy proceedings on behalf of the Companies; and (iv) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that the actions of any Authorized Signatory taken pursuant to the preceding resolution, including the execution, acknowledgment, delivery, and verification of the petition and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive evidence of such Authorized Signatory's approval and the necessity or desirability thereof.

**Retention of Professionals**

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the law firm of Ropes & Gray LLP as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ropes & Gray LLP.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Foley & Lardner, LLP, as co-bankruptcy counsel, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections,

replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Foley & Lardner, LLP.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the firm of Berkeley Research Group, LLC as financial advisor to the Companies to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to employ or retain the services of Berkeley Research Group, LLC.

RESOLVED, that the Authorized Signatories be, and they hereby are authorized and directed to employ Stretto, Inc. as notice, claims, solicitation and balloting agent in connection with the Chapter 11 Cases; and in connection therewith, each of the Authorized Signatories is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Stretto, Inc.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Companies' Chapter 11 Cases, with a view to the successful prosecution of such case.

**DIP Facility / Use of Cash Collateral**

RESOLVED, the transactions contemplated by the DIP Credit Agreement (including, without limitation, the borrowings thereunder), the transactions contemplated therein, and the guaranties, liabilities, obligations, and guarantees, liens, and equity pledges granted in connection therewith, be, and hereby are, authorized, adopted and approved with such lenders and on such terms substantially consistent with those presented to the Governing Bodies on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Authorized Signatories, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Companies.

RESOLVED, that, in the judgment of the Governing Bodies, it is desirable and in the best interests of the Companies (including a consideration of their creditors and other parties in interest) to finalize, execute, and deliver the DIP Credit Agreement and any related ancillary documents, and the Companies' performance of their obligations thereunder, including granting liens, guarantees, and equity pledges.

RESOLVED, that the Companies' execution and delivery of, and the performance of their obligations (including guarantees) in connection with the DIP Credit Agreement, is hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, is hereby authorized, empowered, and directed to negotiate the terms of and to execute, deliver, and perform under the DIP Credit Agreement and any and all other documents, certificates, instruments, agreements, intercreditor agreements, any such changes therein, additions, deletions, amendments, or other modifications thereto required to consummate the transactions contemplated by the DIP Credit Agreement in the name and on behalf of the Companies, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Signatories may in its sole and absolute discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Signatories is hereby authorized to be by pdf., DocuSign or other electronic or printed means as deemed necessary and preferable.

RESOLVED, that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, be, and hereby is, authorized and directed to seek authorization to enter into the DIP Credit Agreement and to seek approval of the use of cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), pursuant to a postpetition financing order in interim and final form with such changes therein, additions, deletions, amendments, or other modifications thereto as any Authorized Signatory may in its sole and absolute discretion approve, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Companies, necessary to implement the postpetition financing, including providing for adequate protection to the secured parties in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and the use of Cash Collateral in connection with the Chapter 11 Cases, which agreements may require adequate protection and liens to the DIP Lender and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Companies pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

RESOLVED, that (i) the form, terms, and provisions of the DIP Credit Agreement, (ii) the grant of (a) collateral under the DIP Credit Agreement and (b) pledges of equity, (iii) the guaranty of obligations by the Guarantors (as defined in the DIP Credit Agreement) under the DIP Credit Agreement, from which the Companies will derive value, be and hereby are, authorized, adopted, and approved, and (iv) any Authorized Signatory of the Companies is hereby authorized, empowered, and directed, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreement, substantially in the form provided to the Governing Bodies, and such other agreements, certificates, instruments,

or other papers or documents to which each Company is or will be a party or any order entered into in connection with the DIP Credit Agreement (collectively with the DIP Credit Agreement, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Signatory executing the same shall approve.

RESOLVED, that each Company, as a debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens, guarantees, and providing equity pledges to secure such obligations.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file: (i) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (ii) all schedules, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (iii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested under the Financing Documents; and (iv) such forms of officer's certificates and compliance certificates as may be required by the Financing Documents.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the Companies in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform each Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that the Governing Bodies received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, as applicable, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Governing Bodies.

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

RESOLVED, that that any actions taken by any Authorized Signatories (and their designees and delegates) prior to the date of these resolutions that would have been authorized by these resolutions but for the fact that such actions were taken prior to the date of these resolutions be, and hereby are, authorized, ratified, confirmed, adopted and approved in all respects as the acts and deeds of the Companies.

*[Signature Pages Follow]*

IN WITNESS WHEREOF, the undersigned, being members of the Board of TGIF Holdings, LLC, have executed this written consent as of the date first written above and shall be filed with the records of the Companies.

By: _____
Name: Rohit Manocha

By: _____
Name: Sidney Feltenstein

By: _____
Name: Anil Yadav

By: _____
Name: Alexander Matina

*[Signature Page to Unanimous Written Consent]*

IN WITNESS WHEREOF, the undersigned, being the sole member of the Governing Bodies of certain of the Companies, has executed this written consent as of the date first written above.

DocuSigned by:

_____
B80E07881F6447D...

Rohit Manocha

*Sole Director of TGI Friday's, Inc., TGI Friday's of the Rockies, Inc., Burlington Towne Crossing, Inc., WEBCO Products Incorporated, T G I Friday's of Wisconsin, Inc., TGI Friday's of Annapolis, Inc., T.G.I. Friday's of Charles County, Inc., T.G.I. Friday's of Frederick County, Inc., T G I Friday's of Greenbelt, Inc., T.G.I. Friday's of Harford County, Inc., TGI Friday's of Howard County, Inc., TGI Friday's of Rockville, Inc., TGI Friday's of Towson, Inc., and T.G.I. Friday's of Washington County, Inc., and Sole Manager of TGI Friday's NY, LLC, TGI Friday's of Texas, LLC, and TGIF/JDC Restaurant Development, LLC*

IN WITNESS WHEREOF, the undersigned, being members of the Board of TGIF Midco, Inc., have executed this written consent as of the date first written above.

By: _____
Name: Rohit Manocha

By: _____
Name: Sidney Feltenstein

By: _____
Name: Anil Yadav

By: _____
Name: Alexander Matina

Docusign Envelope ID: 1CC7DA6D-55B1-4154-A2B8-F60D73A2F1A5

IN WITNESS WHEREOF, the undersigned, being members of the Board of TGIF Parent, Inc., have executed this written consent as of the date first written above.

By: _____
Name: Rohit Manocha

By: _____
Name: Sidney Feltenstein

By: _____
Name: Anil Yadav

By: _____
Name: Alexander Matina

Docusign Envelope ID: 1CC7DA6D-55B1-4154-A2B8-F60D73A2E4A5

        IN WITNESS WHEREOF, the undersigned, being the sole member of TGIF/DFW Partner, LLC, TGIF/DFW Manager, LLC, has executed this written consent as of the date first written above.


                                    TGI FRIDAY'S, INC.


                                    By: _____
                                        B80E07881F6447D...
                                    Name: Rohit Manocha
                                    Title:   Sole Director

**Schedule 1**

**Companies (State of Incorporation)**

1. TGIF Midco, Inc. (Delaware)
2. TGIF Parent, Inc. (Delaware)
3. TGI Friday's Inc. (New York)
4. Burlington Towne Crossing, Inc. (New Jersey)
5. T.G.I. Friday's of Charles County, Inc. (Maryland)
6. T.G.I. Friday's of Frederick County, Inc. (Maryland)
7. T.G.I. Friday's of Harford County, Inc. (Maryland)
8. T.G.I. Friday's of Washington County, Inc. (Maryland)
9. T G I Friday's of Wisconsin, Inc. (Wisconsin)
10. T.G.I. Friday's Marketing Advisory Council (Texas)
11. TGI Friday's of Annapolis, Inc. (Maryland)
12. T G I Friday's of Greenbelt, Inc. (Maryland)
13. TGI Friday's of Howard County, Inc. (Maryland)
14. TGI Friday's of Rockville, Inc. (Maryland)
15. TGI Friday's of Texas, LLC (Texas)
16. TGI Friday's of the Rockies, Inc. (Virginia)
17. TGI Friday's of Towson, Inc. (Maryland)
18. TGI Friday's NY, LLC (Texas)
19. TGIF/DFW Manager, LLC (Texas)
20. TGIF/DFW Partner, LLC (Texas)
21. TGIF/JDC Restaurant Development, LLC (Georgia)
22. TGI Friday's Marketing Advisor Counsel (Texas)
23. WEBCO Products Incorporated (New Jersey)